Dear Mr. Pellerin:
You have requested an opinion of this office on whether the proposed reorganization of Franklin's Police and Fire departments may be legally implemented. The thrust of this proposal is to cross train police officers to serve as fire fighters. This reorganization includes:
 Police patrols will be made up of primarily dual-qualified (fire and police) officers.
 Said officers will have the duty of responding to fire calls on their shifts.
 Three of the seven full-time firemen will be transferred to the police department.
 Monday through Friday, from 5:00 pm to 8:00 am, fire calls will be dispatched by the police department.
 Fifteen policemen will be trained as volunteer firemen, ultimately receiving a $200 raise in salary for volunteering in addition to regular volunteer pay.
You have also requested that we review an opinion rendered by Mr. Paul Daly, State Examiner, Municipal Fire and Police Civil Service, concerning these issues.
LSA-R.S. 33:2391, et seq., sets out the Louisiana civil service law. LSA-R.S. 33:2531, governs municipalities having populations between seven and thirteen thousand:
 § 2531 Mandatory civil service in certain municipalities, parishes and districts
 Permanent appointments and promotions for paid firemen and policemen in the classified civil service as enumerated herein in all municipalities having a population of not less than seven thousand and not more than thirteen thousand, according to the last preceding decennial census of the United States for which the final report of population returns have been printed, published and distributed by the director of the census or according to a special census authorized by LSA-R.S. 1:11.1 subject to the approval of the local governing authority and verified by the state treasurer if said special census is later, and in all parishes and fire protection districts, shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the classified service shall be employed from those eligible under such certification. (Emphasis added).
As the population of Franklin was recorded at nine thousand and four (9004) in the 1990 census, Franklin falls within the provisions of this part.
The first difficulty which is inherent in this program is that in creating the new designation, "paid on call volunteers", the city is effectively changing the duties and designations of many of its police officers. Pertinent in this regard is LSA-R.S.33:2535, providing:
 § 2535 System of classified civil service
 There is created, in the municipal government, in each parish government and in the government of each fire protection district, a classified civil service embracing the positions of employment, the officers, and employees of the fire and police services in municipalities covered by this Part, and of fire and police services in the parishes and the fire protection districts, respectively. The classified civil service shall be known as "The Fire and Police Civil Service". (Emphasis added).
This section evidences a legislative intent to keep the fire and police departments separate in their duties. Although the "Fire and Police Civil Service" encompasses both departments, the statute clearly differentiates between the two. As the "paid on call volunteers" are in fact paid an additional stipend for their fire-fighting services, they are not volunteers, and they can no longer be classified as police officers. To classify these employees as police officers would be in violation of LSA-R.S.33:2544, providing:
 § 2544 Allocation of positions to classes
 The board, or the chairman thereof subject to the subsequent approval of the board, as soon as practicable but within a period not exceeding forty-five days after the adoption of a classification plan, after consultation with the appointing authority concerned shall allocate each position in the classified service to its appropriate class; and thereafter shall likewise allocate each new position created in the service, and, when for the benefit of the service, reallocate positions from class to class.
 Whenever the duties of a position are so changed by the appointing authority that the position in effect becomes one of a different class from that to which it is allocated, the change shall operate to abolish the position and to create a new position of the different class.
 Whenever the board finds any change in the duties of any position in the classified service was brought about by the appointing authority to effect a reduction in the classification of any employee because of political, religious or discriminatory reasons, or without just cause, it shall refuse to recognize any such action, and shall order the appointing authority to continue the employee in the position and class with all rights and privileges. (Emphasis added).
At this point the program would also run afoul of § 2545:
 § 2545 Use of class titles
 The title of each class shall be the official title of every position allocated to the class for all purposes having to do with the position as such, and shall be used to the exclusion of all other titles on all pay rolls, budget estimates and official records and reports pertaining to the position, except that any abbreviation or code symbol adopted by the board may be used to designate a position of a class. Any other title satisfactory to the appointing authority may be used in official correspondence and in any other connection not having to do with the personnel processes covered by this Section. No employee shall be appointed, employed or paid under any title other than that of the class to which the position held by him is allocated.
(Emphasis added).
Important definitions for this part are found in § 2533, the pertinent parts which provide as follows:
 § 2533 Definitions
 The following words and phrases, when used in this Part, shall have the following meaning unless the context clearly requires otherwise:
* * * * *
 5. "Class" or "class of position" means a definitely recognized kind of employment in the classified service, designated to embrace positions that are so nearly alike in the essential character of their duties, responsibilities and consequent qualification requirements that they may fairly and equitably be treated alike under like conditions for all personnel purposes.
* * * * *
 9. "Department service" means employment in the public service offered and performed separately by the fire or police department of the municipality, parish or fire protection district.
* * * * *
 13. "Position" means any office or employment in the municipal, parish or fire protection district, fire or police service, the duties of which call for services to be rendered by one person.
* * * * *
 20. "Seniority" means the total employment computed for an employee beginning with the last date on which he was regularly and permanently appointed and has worked continuously, to and including the date of computation. Time during which an employee has served in the armed forces of the United States subsequent to May 1, 1940 shall be construed to mean continuous service and shall be included in the computation of his seniority. Total seniority in the departmental service, including positions of any and all classes, or seniority in any one or more given classes, may be computed for an employee, but in either case employment shall be continuous and unbroken by a resignation or discharge of the respective employee. An employee who is finally discharged or resigns from his position shall forfeit all accumulated seniority. An employee who is suspended and returns to his position immediately following the expiration of his suspension shall not forfeit his seniority accumulated to the date of his suspension, but he shall not be given credit for the lost time at any future compensation.
While definitions numbered five (5) and thirteen (13) serve as an illustration to the problems encountered with the proposed "dual-qualified" officers, the definitions numbered nine (9) and twenty (20) bring up the next issue — the transfer of the three firemen to the police force.
Mr. Daly, in correspondence dated June 26, 1995 to Mr. Robert Robicheaux of the Franklin Municipal Fire and Police Civil Service Board, noted the loss of seniority to the transferred firemen. The section of the civil service law which applies to transfers is LSA-R.S. 33:2549, providing:
 § 2549 Transfer
 Any employee may be transferred from any position in the classified service to any other position of the same class within the classified service at the pleasure of the appointing authority, without notice to and confirmation by the board.
 Any regular employee so transferred shall have the right of appeal to his board upon the grounds (1) that his transfer was made to a position not included within the class to which his position was previously allocated, or (2) that the position to which he has been transferred is not within the classified service, or (3) the transfer was made deliberately to discriminate against him.
(Emphasis added).
As such, the transfer could be successfully challenged by any of the firemen transferred. Also, using the definitions of "department service" and "seniority" given above, it becomes readily apparent that in effecting these transfers, the city will be destroying any seniority the transferred employees may have had.
This program would cause serious problems in its present form, including possible loss of seniority not only to the transferred firemen, but also the policemen who participate. The change in duties of the police officers necessitates a reclassification out of the police department and possibly out of the Fire and Police Civil Service System. As this would be contrary to the intent of the legislature in setting up the system, the Municipal Fire and Police Civil Service Board would be obligated to reject the plan under LSA-R.S. 33:2537:
 § 2537 Duties of the board
The board shall:
 1. Represent the public interest in matters of personnel administration in the fire and police service of the municipal government, or parish government, or fire protection district government of which the fire service is a part.
 2. Advise and assist the governing body, mayor, commissioner of public safety and the chief of the fire department of the municipality, or the parish governing authority, or fire protection district, governing authority, as the case may be, with reference to the maintenance and improvement of personnel standards and administration in the fire and police service, and the classified system.
 3. Advise and assist the employees in the classified service with reference to the maintenance, improvement and administration of personnel matters related to any individual or group of employees.
 4. Make, at the direction of the mayor, commissioner of public safety, chief of the fire department of the municipality, or president of the parish governing authority, or chairman of the board of commissioners of the fire protection district, or upon he written petition of any citizen for just cause or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the fire and police service; review and modify or set aside, upon its own motion, any of its actions, and take any other action which it determines to be desirable or necessary in the public interest or to carry out effectively the provisions and purposes of this Part.
 5. Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.
 6. Hear and pass upon matters which the mayor, commissioner of public safety, the chief of the fire or police departments of the municipality, or any member of the parish or fire protection district governing authority or the state examiner of fire and police civil service brings before it.
 7. Make, alter, amend and promulgate rules necessary to carry out effectively the provisions of this Part.
 8. Adopt and maintain a classification plan. The classification plan shall be adopted and maintained by rules of the board.
 9. Make reports to the governing body, either upon its own motion or upon the official request of the governing body, regarding general or special matters of personnel administration in and for the fire or police service of the municipality, parish or fire protection district, as the case may be, or with reference to any appropriation made by the governing body for the expenses incidental to the operation of the board.
Thus, it is the opinion of this office that the proposed reorganization of the Franklin Fire and Police departments cannot be legally implemented in its present form.
I hope we have answered your questions sufficiently. Please feel free to contact me if you require any further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: September 1, 1995